UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60212-CR-MARRA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

GREGORY WELCH,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

THIS CAUSE is before the Court upon Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) of the First Step Act, Extraordinary and Compelling Reasons [DE 82] and Motion to Supplement [DE 85]. This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

Defendant filed the present motion seeking "compassionate release" from custody of the Bureau of Prisons ("BOP"). [DE 82]. Defendant brings his motion pursuant to 18 U.S.C. § 3582(c)(1). That statute permits a district court to reduce a defendant's sentence for "extraordinary or compelling" reasons. When Defendant filed his motion, the primary ground asserted in support of it was that he observed a medical officer at the correctional facility where he is being held attacked by another inmate. Defendant brought the attack to the attention of the staff at the prison, and the medical officer was saved from potential harm. Additionally, Defendant proffers he has served more than 10 years of his 15 year sentence without any disciplinary incidents, and he has rehabilitated himself over the years he has been incarcerated.

1

*Id.* Defendant believes the length of time he has already served, his act of heroism and his rehabilitation justifies his immediate release from custody.

After the United States filed its response in opposition to Defendant's motion, the Court appointed counsel to represent him. [DE 88]. While reasserting the grounds argued by Defendant in his original motion, his counsel raised entirely new bases for granting him the relief he seeks, namely the CORVID-19 crisis, and the fact that Defendant suffers from asthma and Type-2 diabetes, conditions which significantly increase his risk of serious injury or death if he contracts the CORVID-19 virus. The United States opposes Defendant's motion. As to the original grounds asserted by Defendant, the United States argues they do not satisfy the standard of extraordinary and compelling reasons to reduce his sentence. As to the new grounds asserted, the United States argues that Defendant has not exhausted his administrative remedies on the new grounds, and even if exhaustion is not required, the new grounds also fail to meet the extraordinary and compelling standard.

With the advent of the CORVID-19 virus, this Court, as is probably the case for all district judges throughout the United States, has been inundated with motions from individuals incarcerated in Bureau of Prison's facilities seeking immediate release from custody. Most assert that they have some medical condition that renders them more susceptible to the virus, and therefore they should not continue to be incarcerated and subjected to this potential deadly virus. Many, as in this case, submit affidavits from medical professionals and cite to statistics of infection and death rates, suggesting that there is a high likelihood the particular defendant will become infected if not released. With this mountain of data supporting the notion that everyone incarcerated in a Bureau or Prison facility is at risk for contracting the CORVID-19 virus, the Courts are faced with the task of trying to evaluate in a rational and fair way when

"extraordinary and compelling" circumstances exist for a particular defendant's release. The mere presence of the virus within the nation, the state, the county where the prison facility is located, or even within the prison itself, cannot be a sufficient basis to release a defendant. If that was the case, virtually the entire prison population would have to be released. Nor is having some medical condition that renders one more susceptible to the virus sufficient. Once again, if that was the case, a significant percentage of most prison populations would have to be released. So, the Courts must look at each case on an individual basis and determine if the circumstances of the particular case meet the standard. Based on a combination of the unique circumstances of this case, the Court finds that "extraordinary and compelling" circumstances exist for Defendant's immediate release from custody.

First, for purposes of the First Step Act, the Court finds that Defendant has satisfied the exhaustion requirement. There is no dispute that Defendant sought release through the Bureau of Prisons based on the original grounds he asserted, namely, an act of heroism, completion of over 10 years of his 15 year sentence and rehabilitation. The Court concludes that Defendant need not go through another round of exhaustion with respect to his new ground relating to CORVID-19 and his medical conditions.

In *Sims v. Apfel,* 530 U.S. 103, 107-10 (2000), the Supreme Court addressed the question of when "issue exhaustion" was required. In the absence of a statute or regulation requiring it, the Court explained that the need for issue exhaustion is at its strongest in administrative proceedings where the parties are expected to develop the issues in an adversarial context. Where the administrative proceedings are not adversarial, the need for issue exhaustion is weak. *Id.* Here, the administrative procedure in non-adversarial. Thus, imposing a requirement of issue exhaustion is not necessary, and the Court will not require it in order to consider the

CORVID-19 issues raised by Defendant. *See United States v. Brown,* 2020 WL 2091802 at * 4-5 (S.D. Iowa April 29, 2020).

On the merits of Defendant's motion, the Court finds that due to a combination of unique circumstances in this case,[1] "extraordinary and compelling" circumstances exist for a reduction and modification of Defendant's sentence. First, the existence of the CORVID-19 virus in the facility where Defendant is incarcerated, in combination with two medical conditions from which Defendant suffers, makes him particularly vulnerable to dire consequences if he contracts the virus. Before Defendant was incarcerated he suffered from asthma and uses an albuterol inhaler. Individuals with respiratory conditions are particularly vulnerable to the virus. Additionally, Defendant has developed Type-2 diabetes, which also makes him more vulnerable to the virus. More troubling, however, is the fact that he is unable to take his prescribed medication for the diabetes, metformin, which greatly exacerbates his risk to irreparable harm. Thus, under the current situation involving the presence of COVID-19 in the prison facility where Defendant is incarcerated, Defendant is suffering from serious medical conditions that substantially diminish his ability to provide self-care within the environment of his correctional facility, and if he contracts the virus, he may not be expected to recover. *See* § 1B1.13 of the United States Sentencing Guidelines, Application Note 1(A)(ii)(I).

In addition to his medical conditions, Defendant has completely rehabilitated himself.[2] Defendant has had no disciplinary issues in over 10 years of incarceration. He has completed numerous educational programs while in prison, including obtaining his GED and taking college level courses. Not only has he been a model prisoner, at risk to his own safety, Defendant was

---

[1] *See* United States Sentencing Guidelines Manual, § 1B1.13, Application Note 1(D).
[2] *See* United States Sentencing Guidelines Manual, § 1B1.13, Application Note 3 (rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason to reduce a defendant's sentence). Here, however, there is more than rehabilitation that supports the finding of "extraordinary and compelling" reasons.

recognized for an act of heroism which prevented serious injury to a prison employee. Having one prisoner report another for engaging in wrongful conduct can subject the reporting prisoner to retribution, yet Defendant stepped forward and took laudable action. Defendant has also served more than two-thirds of his 15 year sentence, and he likely will be eligible for release to a residential reentry program later this year.

Lastly, Defendant was personally responsible for the United States Supreme Court decision that made the case of *Johnson v United States,* 135 S. Ct. 2551 (2015), retroactive for the benefit of probably thousands of defendants who were subjected to illegal sentences. Defendant filed a *pro se* petition for writ of certiorari to the United States Supreme Court which was granted and resulted in the favorable decision. *Welch v. United States,* 136 S. Ct. 1257, 1263 (2016). Even though Defendant's persistence in pursing retroactive application of the *Johnson* decision benefitted many incarcerated individuals within the federal prison system, it did not benefit him. *Welch v. United States,* ___ F.3d ___ , 2020 WL 2181883 (11th Cir. May 6, 2020).

In considering the statutory factors under 18 U.S.C. § 3553(a), the Court finds that those statutory factors will be served by granting Defendant's motion. The more than 10 years Defendant has already served for possessing a firearm by a convicted felon reflects the seriousness of the offense, it promotes respect for the law and it provides just punishment. The time Defendant has already served affords adequate deterrence both individually and generally. With his demonstrated rehabilitation, Defendant does not pose a danger to the community, and the time he has served thus far has sufficiently protected the public from further crimes by him.

Thus, the Court finds that "extraordinary and compelling" circumstances exit for the Court to grant Defendant's motion to reduce and modify his sentence. Defendant's sentence of

incarceration is reduced to time served.  Defendant's term of supervised release is modified to include as a special condition that Defendant serve 9 months of home detention with electronic monitoring.  While on home detention, Defendant shall be permitted to leave his place of residence for employment, medical appointments and religious services consistent with the procedures established by the district where he will be under supervision.  All the other provisions of the judgment of conviction not otherwise modified by this Order shall remain the same.

This Order shall not be construed as precedent for this Court believing that the existence of CORVID-19 in any community or prison, in and of itself, provides "extraordinary and compelling" circumstances for a prisoner with medical conditions that makes him or her more susceptible to the virus entitled to be released from incarceration.

DONE AND ORDERED in West Palm Beach, Florida this 21st day of May, 2020.

KENNETH A. MARRA
United States District Judge

Copies provided to:

All counsel