UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60212-CR-MARRA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

GREGORY WELCH,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TERMINATE HOME CONFINEMENT

THIS CAUSE is before the Court upon Defendant's Motion to Terminate Probation [DE 103]. Defendant wishes to terminate the special condition of Home Detention with Electronic Monitoring while on supervised release. This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

Defendant was convicted of possession of a firearm by a convicted felon and sentenced to 15 years of imprisonment. [DE 45]. Defendant served more than 10 years of the sentence imposed when he sought a reduction of his sentence for "extraordinary and compelling reasons." [DE 82; DE 85]. The Court granted Defendant's motion and reduced his sentence to time served. However, the Court modified Defendant's term of supervised release to require a 9 month term of home confinement with electronic monitoring. [DE 101; DE 102]. The Court notes that Defendant's counsel reminded the Court of its ability to impose a term of home confinement as a condition of supervised release when it advocated that Defendant's sentence be reduced to time served. [DE 100 at 26].

It has been only 3 months since Defendant was released from custody.  Defendant believes that he has served enough time being monitored electronically, and that the electronic monitoring is restricting his ability to travel to attend speaking engagements to which he has been invited.

As an alternative to remaining in prison where Defendant was fearful of contracting COVID-19, the Court reduced his sentence to time served with the condition that he serve 9 months of home confinement with electronic monitoring.  Neither home confinement or electronic monitoring will prevent Defendant from attending speaking engagements sponsored by the Federal Public Defender's Office or other public service organizations so long as the events can be verified by Defendant's Probation Officer and Defendant can return home the same day. In fact, both the Court and the Probation Office would encourage such activities by Defendant.  As an accommodation to Defendant, however, the Court will give Defendant the option of removing the electronic monitor and allowing him to be monitored by voice recognition.  This will require that Defendant install a telephone in his home that will have the capability of providing the voice recognition.  Otherwise, all the terms and conditions of Defendant's supervised release shall remain in effect.

Therefore, the Motion to terminate Home Electronic Monitoring [DE 103] is GRANTED in PART and DENIED in PART.

DONE AND ORDERED in West Palm Beach, Florida this 20th day of August, 2020.

KENNETH A. MARRA
United States District Judge

Copies provided to:

    All counsel