UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   09-60212-CR-MARRA

UNITED STATES OF AMERICA,

vs.

GREGORY WELCH,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO TERMINATE PROBATION

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response to the defendant Gregory Welch's *pro se* motion to terminate probation (DE: 105) and states the following:

On September 20, 2010, the defendant was sentenced to 180 months' imprisonment followed by 3 years of supervised release for possession of a firearm by a convicted felon (DE: 45). On May 21, 2020, the defendant's sentence was reduced to time served followed by 3 years of supervised release with a special condition of home confinement with electronic monitoring for a period of nine months (DE: 101, 102).

The defendant commenced supervised release[1] on May 21, 2020. His supervised release is scheduled to expire on May 20, 2023. On October 29, 2020, the defendant filed the instant *pro se* motion in which he seeks early termination of supervised release.

---

[1] In his motion, defendant refers to supervised release as "probation."

The defendant has been on supervised release for approximately six months. On August 20, 2020, the defendant filed his first motion to terminate probation in which he asked the Court to vacate or modify his house arrest (DE: 103). On August 20, 2020, the Court granted the motion in part and gave the defendant the option of removing the monitor and allowing himself to be monitored by voice recognition (DE: 104). The defendant took the option of voice recognition monitoring.

On November 17, 2020, the undersigned contacted the defendant's assigned probation officer who advised that the defendant has missed a couple check in calls placed by the probation office and the last call missed by the defendant was a couple days before the defendant filed the instant motion. The defendant seeks early probation on the grounds that he is taking classes and wishes to participate in interviews around the country. The defendant's classes are virtual so he attends them online. The defendant's home confinement does not preclude him from participating in interviews online (for example, via Zoom) and he has already participated in some interviews. In fact, the probation officer has advised that the defendant is encouraged to participate in said interviews. The defendant's voice recognition monitoring is not unduly burdensome.

The defendant has served less than one-half of the term of his supervised release and has not provided sufficient grounds in support of his request for early termination of supervised release.

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court deny defendant Gregory Welch's *pro se* request for early termination of supervised release.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By: *s/ Jennifer A. Keene*
     JENNIFER A. KEENE
     ASSISTANT UNITED STATES ATTORNEY
     FLORIDA BAR NO. 0958263
     500 E. Broward Blvd., 7th Floor
     Ft. Lauderdale, FL 33394
     Tel: (954) 660-5796 ; Fax: (954) 356-7336
     Email: Jennifer.Keene@usa.doj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served by United States mail for those counsel and/or parties who are not authorized to receive or did not receive the electronic Filing as follows:

Gregory Welch
1007 South 21st Avenue
Hollywood, FL 33020

        *s/ Jennifer A. Keene*
        JENNIFER A. KEENE
        ASSISTANT UNITED STATES ATTORNEY